**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:21-cv-02223-SHL-atc** |
| | ) | |
| **LOUIS DEJOY, POSTMASTER** | ) | |
| **GENERAL** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On April 11, 2021, Plaintiff Gregory Turner filed a *pro se* complaint against Defendant Louis DeJoy, Postmaster General, and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Turner was granted leave to proceed *in forma pauperis* on April 22, 2021. (ECF No. 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

On November 2, 2021, this Court entered a Report and Recommendation, recommending that Turner's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. (ECF No. 8.) This Court further recommended that Turner be given thirty days to amend his claims against Defendant, at which point his claims could once again be screened pursuant to § 1915(e)(2)(B) and Local Rule 4.1(b)(2). (*Id.*) On November 12, 2021, Turner filed an Amended Complaint. (ECF No. 10.) On November 15, 2021, United States District Judge Sheryl H. Lipman entered a text-only order finding the original Report and Recommendation moot in light of the Amended Complaint and

referring the Amended Complaint for screening pursuant to § 1915(e)(2)(B) and Local Rule

4.1(b)(2).  (ECF No. 11.)

    For the reasons set forth below, it is recommended that Turner's claims be dismissed *sua

sponte*, pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be

granted based on the doctrine of res judicata.

## PROPOSED FINDINGS OF FACT

    Turner filed his original Complaint in this case on a Court-supplied form, alleging that he

was subjected to employment discrimination by Defendant in violation of the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA").[1]  (ECF No. 1 ¶ 1.)  Turner

alleges that he was discriminated against based on his disability, but he failed to specify any

disability in his original Complaint.  (*Id.* ¶ 9.)  Turner attached to his original Complaint several

documents from the United States Postal Service Office of Equal Opportunity ("EEO"),

including a Dismissal of Formal EEO Complaint and an EEO Dispute Resolution Specialist's

Inquiry Report.  (ECF No. 1-1.)  Under "Specific Issues Alleged," the EEO Dismissal notes that

Turner "alleged discrimination based on Mental Disability (Depression)."  (*Id*. at 1.)  Under

"Basis for Alleged Discrimination" on the EEO Inquiry Report, the box for "Mental Disability"

is checked, with the specification of "Depression and Anxiety."  (*Id.* at 6.)  Other than these two

references to depression and anxiety, the Record contained no information concerning Turner's

alleged disability as of the entry of this Court's previous Report and Recommendation.

---

[1] The court will construe Turner's claims as brought pursuant to the Rehabilitation Act of 1973,
29 U.S.C. § 701 *et seq.* ("Rehabilitation Act").  "The Rehabilitation Act is a federal employee's
exclusive remedy for employment related discrimination based on a disability."  *Plautz v. Potter*,
156 F. App'x 812, 816 (6th Cir. 2005) (citations omitted).  The Sixth Circuit approves of
construing a plaintiff's ADA claim as a Rehabilitation Act claim because "there is no significant
difference between the substantive standards of the ADA and the Rehabilitation Act."  *Id.*

On November 12, 2021, Turner filed his Amended Complaint, along with multiple

exhibits consisting of medical records, employment records, and disability records. (ECF No.

10.) In his Amended Complaint, Turner makes clear that the basis of his disability claims are his

back injuries consisting of lower back pain, lumbar facet syndrome, and degenerative disc

disease. (*Id*. at 1.) His other complaints, including the depression and anxiety referenced in his

original Complaint, arise from Defendant's alleged discriminatory conduct. (*Id.* at 4.)

The gravamen of Turner's allegations is that he was disabled because of his back injuries;

he was otherwise qualified for his position as a result of his experience as a city letter carrier and

his veterans' preference rights; Defendant was aware of his disability; Turner requested

accommodations for his disability; and Defendant has failed to provide necessary

accommodations since December 6, 2014, when Turner was placed on non-duty/pay status. (*Id.*

at 1–5.) These allegations likely satisfy his obligation to state claims for disability

discrimination and failure to accommodate under the Rehabilitation Act at the initial screening

stage. *Kaminsky v. Wilkie*, 856 F. App'x 602, 604–06 (6th Cir. 2021) (citing *Jones v. Potter*, 488

F.3d 397, 403 (6th Cir. 2007); *Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997)).

However, upon review of another case Turner filed in the Western District of Tennessee, *Turner*

*v. Brennan*, No. 2:20-cv-02191-SHL-atc ("*Brennan*"), this Court must conclude that Turner's

claims in this case are barred under the doctrine of res judicata.

Turner's claims in *Brennan* involved the same general claims and allegations that he

alleges in his Amended Complaint in this case. (*Brennan*, ECF Nos. 1, 9.) In *Brennan*, Turner

alleged that he was "removed from my Position as a Letter Carrier in a Non-Duty and Non-Pay

Status and it has cause[d] Emotional Illness" and that his "employer continue[s] not to Cooperate

and refuse[s] to re[sol]ve any or all issues of my EEOC complaint." (*Brennan*, ECF No. 1, at 4.)

3

Like the instant case, the EEOC documents attached to his complaint in *Brennan* indicate that Turner "has not worked since 2012 because he did not feel that management was providing him with modified duty assignment offers that complied with his medical restrictions." (*Brennan*, ECF No. 1-1, at 1.) In his Motion for Amendments in *Brennan*, Turner alleged that he "was placed in a[] NON-DUTY/PAY STATUS since December 6, 2014," which is also the date Turner cites in the instant case. (*Brennan*, ECF No. 9, at 1.) In addition to substantial overlap of the claims and allegations between the cases, many of the documents Turner attached to his Motion for Amendments in *Brennan* regarding his back injuries and mental health issues are the same as the supporting documents he attached to his Amended Complaint in the instant case. (Compare ECF No. 10-1 with *Brennan*, ECF No. 9-1.)

Turner's claims in *Brennan* were dismissed with prejudice on November 20, 2020, for failure to prosecute when he failed to amend his complaint to adequately plead claims under the Rehabilitation Act. (*Brennan*, ECF No. 13.) Turner did not appeal the dismissal with prejudice in *Brennan*, and the window to do so has long since closed. *See* Fed. R. App. P. 4(a)(1)(A) (requiring a notice of appeal to be filed within thirty days after entry of the judgment). Instead, Turner attempts to bring substantively identical claims in this case, but the doctrine of res judicata prohibits him from doing so. As a result, this Court recommends that Turner's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## PROPOSED CONCLUSIONS OF LAW

### I.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction

after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the

Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."  This Report and Recommendation

constitutes the Court's screening.

## II.    Standard of Review for Failure to State a Claim

To determine whether Turner's Amended Complaint states a claim on which relief may

be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as

articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at

555 (internal citations and quotations omitted).  The court "construes the complaint in a light

most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine

whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675

F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[]

are not entitled to the assumption of truth.  While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations."  *Id.* at 679; *see also Twombly*,

550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a

claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## III.    Turner's Claims Are Barred by Res Judicata[2]

Res judicata or "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand*

---

[2] The term "res judicata" has become ambiguous due its usage as both a synonym for, and a type of, preclusion. *See, e.g.*, *Brownback v. King*, 592 U.S. –, 141 S. Ct. 740, 747 n.3 (2021) ("The

*Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. –, 140 S. Ct. 1589, 1594 (2020).  Parties may

not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in

the prior action."  *Brownback*, 141 S. Ct. at 747 n.3; *see also J.Z.G.*, 84 F.3d at 214 ("Claim

preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated

but also to bar them from relitigating issues that *could have been raised* in an earlier action.").

"Suits involve the same claim or cause of action if the later suit arises from the same transaction

or involves a common nucleus of operative facts."  *Brownback*, 141 S. Ct. at 747 n.3 (internal

quotations omitted).

If a claim is barred by the doctrine of res judicata, "[t]he weight of authority supports

dismissal for failure to state a claim."  *Owens v. Shelby Cnty. Sch. Bd. of Educ.*, No. 2:18-cv-

02345-JTF-dkv, 2018 WL 4374238, at *8 (W.D. Tenn. Jul. 18, 2018), *report and*

*recommendation adopted*, 2018 WL 4179076 (W.D. Tenn. Aug. 31, 2018) (collecting Sixth

Circuit cases affirming Rule 12(b)(6) dismissal based on res judicata).  Courts are "empowered

to raise res judicata sua sponte . . . in the interests of, *inter alia*, the promotion of judicial

economy."  *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)

(citations omitted).  Furthermore, res judicata is an appropriate basis to dismiss for failure to

state a claim during the initial screening of a complaint pursuant to § 1915(e)(2).  *See Smith v.*

*Morgan*, 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant to § 1915(e)

because the doctrine of res judicata bars consideration of the instant complaint"); *see also Leirer*

---

terms res judicata and claim preclusion often are used interchangeably.  But res judicata
comprises two distinct doctrines.  The first is issue preclusion, also known as collateral
estoppel. . . .  The second doctrine is claim preclusion, sometimes itself called res judicata."
(quotations and citations omitted)); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.
1996) (describing "true res judicata" as one of the two doctrines of res judicata).  As used herein,
res judicata refers only to claim preclusion, distinct from the doctrine of issue
preclusion/collateral estoppel.

*v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007)

(affirming dismissal based on res judicata pursuant to § 1915(e) because the plaintiff "could have

made all of the same allegations and claims he makes in his current lawsuit in that earlier second

lawsuit").

      In the Sixth Circuit, res judicata/claim preclusion is applicable if four elements are

satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a
> subsequent action between the same parties or their privies; (3) an issue in the
> subsequent action which was litigated or which should have been litigated in the
> prior action; and (4) an identity of the causes of action.

*Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368,

380 (6th Cir. 2019), *reh'g denied* (June 20, 2019) (quoting *Browning v. Levy*, 283 F.3d 761, 771

(6th Cir. 2002). In determining whether there is an identity of causes of action, courts in the

Sixth Circuit evaluate whether "the claims arose out of the same transaction or series of

transactions, or if the claims arose out of the same core of operative facts." *Id.* at 383 (quoting

*Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). This element is also

satisfied if there is an affinity between "the facts creating the right of action and . . . the evidence

necessary to sustain each action," with "the evidentiary component looking to whether the same

underlying factual evidence could support and establish both claims." *Id.* at 383–84 (internal

citations and quotations omitted). "[T]he critical consideration is operative 'factual overlap'

between the claims." *Id.* at 384 (citing *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476,

483 (6th Cir. 2014)).

      As to the first element, *Brennan* resulted in a final decision on the merits because that

case was dismissed with prejudice for failure to prosecute. "[I]t is well-settled that because a

dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute amounts to a dismissal on the

merits, a plaintiff is 'barred under the doctrine of res judicata, or claim preclusion, from litigating between the same parties all claims which were or could have been litigated in his prior suit.'" *Easley v. Little*, No. 1:14-cv-891, 2015 WL 247929, at \*4 (S.D. Ohio Jan. 20, 2015) (quoting *Fondel v. Ford Motor Co.*, 803 F.2d 719, at \*1 (6th Cir. 1986) (unpublished table decision)) (dismissing the case based on res judicata during § 1915(e)(2) screening because the plaintiff's claims had been dismissed for failure to prosecute in a previous case); *see also McCaskill v. Mich.*, No. 19-11432, 2020 WL 806181, at \*1 (E.D. Mich. Feb. 18, 2020) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009)) (holding that res judicata required dismissal during § 1915(e)(2) screening because, "[b]y its plain language, an involuntary dismissal under Federal Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect"). Turner's claims in *Brennan* were dismissed with prejudice for failure to prosecute when Turner failed to amend his complaint to adequately plead claims under the Rehabilitation Act, and Turner never appealed that dismissal. (*Brennan*, ECF No. 13.) As a result, the first res judicata element is satisfied.

With respect to the second element, Turner named "Megan J. Brennan P.M.G." as the defendant in the *Brennan* case.[3] Prior to dismissal, Louis DeJoy became Postmaster General, such that he was substituted as Defendant in *Brennan*. (*Brennan*, ECF No. 13, at 1 n.1.) The second element is thus satisfied as the parties in the current case are the same as the parties in the previous case.

---

[3] In *Brennan*, Turner also initially named "United States Postal Serv" and "Manager Debra Chatman at White Station Post Office" as Defendants. (*Brennan*, ECF No. 1, at 1–2.) However, "Plaintiff filed a Motion to Amend his pleading to dismiss all Defendants except for the Postmaster General." (*Brennan*, ECF No. 11, at 2.)

As to the third and fourth elements, Turner's claims and allegations in this case are substantively identical to those he pursued in *Brennan*. Both cases stem from his allegations that he was disabled because of his back injuries and that Defendant has failed to provide necessary accommodations since December 6, 2014, when Turner was placed on non-duty/pay status. (ECF No. 10, at 1–5; *Brennan*, ECF Nos. 1, 9.) Though Turner has more clearly articulated his factual allegations in this case (*see generally* ECF No. 10), all his claims and allegations in this case were litigated or could have been litigated in his previous case (*Brennan*, ECF No. 1, at 4; ECF No. 9, at 1–2). In addition to substantial overlap of the claims and allegations between the cases, many of the documents Turner attached to his Amended Complaint in this case are the same as the supporting documents he attached to his Motion for Amendments in *Brennan*. (Compare ECF No. 10-1 with *Brennan*, ECF No. 9-1.) Because of the substantive overlap of his claims and factual allegations in this case with those in *Brennan*, the third and fourth elements of res judicata are met.

In summary, the elements of res judicata/claim preclusion are fully satisfied as to all of Turner's claims in this case. *Brennan* resulted in a final decision on the merits through a dismissal with prejudice for failure to prosecute. The parties in this case are the same as they were in *Brennan*. All of Turner's claims in this case were or could have been litigated in *Brennan*. And the claims and allegations in this case are substantively identical to those in *Brennan*. As a result, Turner's claims in this case are barred by res judicata.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Turner's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted based on the doctrine of res judicata.

10

Respectfully submitted this 15th day of March, 2022.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.