# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GREGORY TURNER, </br></br> Plaintiff, </br></br> v. </br></br> LOUIS DEJOY, POSTMASTER GENERAL, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) )   No. 2:21-cv-02223-SHL-atc |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING TURNER'S CLAIMS SUA SPONTE

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, ("Report"), (ECF No. 12), filed March 15, 2022.  Magistrate Judge Christoff recommends that the Court dismiss Plaintiff Gregory Turner's claims sua sponte, pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted based on the doctrine of res judicata.  As explained below, the Court **ADOPTS** the Magistrate's Report and **DISMISSES** Turner's claims pursuant to § 1915(e)(2)(B)(ii) because they are barred by res judicata.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for granting summary judgment.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff Gregory Turner has filed no objections to the Magistrate Judge's Report, and the deadline to do so has now passed.  The Court therefore reviews the Report for clear error.  Magistrate Judge Christoff first acknowledges that she conducts the Court's screening under 28 U.S.C. § 1915(e)(2)(B), which provides that a Court shall dismiss a case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Then, reviewing Turner's Pro Se Amended Complaint, (ECF No. 10), Magistrate Judge Christoff states that Turner's allegations would likely survive the initial screening stage for stating claims for disability discrimination and failure to accommodate under the Rehabilitation Act.  (ECF No. 12 at PageID 94 (citing Kaminsky v. Wilkie, 856 F. App'x 602, 604-06 (6th Cir. 2021).)  Yet despite that initial conclusion, upon review of another case that Turner filed in the Western District, Turner v. Brennan, No. 2:20-cv-02191-SHL-atc ("Brennan"), Magistrate Judge Christoff concluded that Turner's claims in this case are barred under the doctrine of res judicata[1] due to the Brennan litigation.  (ECF No. 12 at PageID 94.)

Magistrate Judge Christoff recounts the elements required to satisfy the doctrine of res judicata:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

(ECF No. 12 at PageID 99 (citing Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc., 919 F.3d 368, 380 (6th Cir. 2019), reh'g denied (June 20, 2019) (quoting

---

[1] Res judicata is also considered "claim preclusion" in the Report because, as noted by Magistrate Judge Christoff, "[t]he term 'res judicata' has become ambiguous due its usage as both a synonym for, and a type of, preclusion." (ECF No. 12 at Page 97, n.2 (citing Brownback v. King, 592 U.S. –, 141 S. Ct. 740, 747 n.3 (2021)).)

Browning v. Levy, 283 F.3d 761, 771 (6th Cir. 2002)). After a longer analysis, she summarizes that these elements are met because:

> Brennan resulted in a final decision on the merits through a dismissal with prejudice for failure to prosecute. The parties in this case are the same as they were in Brennan. All of Turner's claims in this case were or could have been litigated in Brennan. And the claims and allegations in this case are substantively identical to those in Brennan. As a result, Turner's claims in this case are barred by res judicata.

(ECF No. 12 at PageID 101.) Because courts may "raise res judicata sua sponte . . . in the interests of, inter alia, the promotion of judicial economy," see Holloway Const. Co. v. U.S. Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted), Magistrate Judge Christoff recommends dismissal based on this doctrine, which is "an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2)." (ECF No. 12 at PageID 98 (citing Smith v. Morgan, 75 F. App'x 505, 506 (6th Cir. 2003)).)

The Court finds this reasoning well-supported, and finds no indication of clear error. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and **DISMISSES** Turner's claims in this matter pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted based on the doctrine of res judicata.

**IT IS SO ORDERED,** this 2nd day of June, 2022.

                                               s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               UNITED STATES DISTRICT JUDGE